NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3175

KENNETH L. ENGLER,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Kenneth L. Engler, of Virginia Beach, Virginia, pro se.

Sean M. Dunn, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3175

KENNETH L. ENGLER,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in DC1221070650-W-1.

_____

DECIDED: August 8, 2008

_____

Before MAYER and LINN, <u>Circuit Judges</u>, and ILLSTON, <u>District Judge</u>.*

PER CURIAM.

Kenneth L. Engler appeals the final order of the Merit Systems Protection Board dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. <u>Engler v. Dep't of the Navy</u>, No. DC-1221-07-0650-W-1 (MSPB Aug. 23, 2007). We affirm.

Engler was separated from his position as a GS-11 Nuclear Engineering Technician with the Department of the Navy ("Navy" or "agency") pursuant to a

_____

* Honorable Susan Yvonne Illston, United States District Court for the District of Northern California, sitting by designation.

reduction-in-force ("RIF") action after the Navy abolished his and 13 other similar positions in 1994. He previously filed an ultimately unsuccessful IRA appeal concerning, inter alia, the agency's decisions to abolish his position and separate him from service pursuant to the RIF. This matter concerns his second IRA appeal, in which he alleged that the agency's refusal to reinstate him to a position in the GS-802 Nuclear Series with a GS-802-12 grade subsequent to his RIF separation constituted retaliatory action for the same previously alleged protected disclosures, which began four years prior to the RIF action. Those disclosures included: (1) questioning the division head via his supervisor about the appropriateness of GS-12 Engineers performing the work functions of GS-11 Engineering Technicians, (2) challenging the accuracy of his engineering technician position description and filing a classification appeal to have his position description revised, and (3) voicing complaints about agency mismanagement and waste of funds for hiring engineers to perform engineering technician duties.

The board found that Engler failed to make non-frivolous allegations that his alleged protected disclosures were a contributing factor in the personnel actions at issue, and therefore dismissed his appeal for lack of jurisdiction. Engler appeals, arguing that the agency's refusal to reinstate him to a position within the Nuclear Engineering and Planning Department ("NEPD") at the GS-12 grade level is attributable to retaliation from managers within NEPD who harbor hard feelings towards him as a result of his previously described disclosures. Engler also argues that he has a right to seek corrective action from the board by filing an IRA appeal pursuant to 5 U.S.C. § 1214(a)(3).

We must affirm the final decision of the board unless we conclude that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703. To establish board jurisdiction over an IRA appeal, a complainant must exhaust his administrative remedies with the Office of Special Counsel and make non-frivolous allegations that (1) he made a protected disclosure under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's personnel action. Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Although a petitioner may file an IRA appeal with the board pursuant to 5 U.S.C. § 1214(a)(3), he then bears the burden of establishing board jurisdiction in the matter before a hearing on the merits ensues. See 5 C.F.R. § 1201.56(a)(2)(i).

The board considered the following factors critical to its decision that Engler failed to make non-frivolous allegations that his disclosures were a contributing factor in the challenged personnel actions: (1) the twelve and one-half year time gap between Engler's disclosures and the personnel action appealed, (2) his failure to specify the circumstances, dates or names of agency officials involved in decisions not to reinstate him, and (3) his failure to offer any argument or evidence that agency officials involved in the decision-making had any knowledge of his protected disclosures. Ultimately, the board surmised that the true source of Engler's dissatisfaction was a matter outside the board's jurisdiction, namely, compliance with a memorandum of understanding entered into by his union and the agency in connection with an arbitration grievance hearing following his RIF separation. We discern no error in the board's determination that

Engler failed to make a non-frivolous allegation that his alleged protected disclosures were a contributing factor in the agency's decision not to reinstate him to an NEPD GS-12 position after his RIF separation.